IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSH DAVILA,

    Plaintiff,

  v.                                                              No. 17-CV-00746-KG-SCY

CURRY COUNTY JAIL FACILITY,
ANTHONY PARRARA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A, on Plaintiff Josh Davila's Prisoner's Civil Rights Complaint [Doc. 1] and Application To *Proceed In Forma Pauperis* [Doc. 2], filed on May 10, 2017. Plaintiff is incarcerated, appears pro se, and is seeking permission to proceed *in forma pauperis*. For the reasons explained below, the Court will grant Plaintiff's Application To Proceed *In Forma Pauperis* and dismiss Plaintiff's 42 U.S.C. § 1983 claims without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will grant Plaintiff leave to file an amended complaint within thirty (30) days from the date of entry of this Memorandum Opinion and Order.

**I.    BACKGROUND**

On May 10, 2017, Plaintiff filed his Prisoner's Civil Rights Complaint and Application To Proceed *In Forma Pauperis* in the United States District Court for the Eastern District of Texas. [Docs. 1, 2] The Honorable K. Nicole Mitchell, United States Magistrate Judge,

transferred Plaintiff's civil rights action to this Court because "a substantial portion of the events or omissions giving rise to Plaintiff's claim occurred in Curry County, New Mexico, which is in the United States District Court for the District of New Mexico." [Doc. 7 at 1]

In his Prisoner's Civil Rights Complaint, Plaintiff alleges that Defendant Curry County Jail Facility failed to protect him against a physical assault committed by another inmate, Defendant Anthony Parrara. [Doc. 1 at 3, 4] Specifically, Plaintiff alleges that "[o]n or about 4-29-2015 the Curry County Jail administration failed to maintain possession of a toilet brush, which resulted in the plaintiff being assaulted by the defendant Anthony Parrara and being care flighted from the jail to the hospital with serious injuries." [Doc. 1 at 4] Plaintiff seeks compensatory damages, punitive damages, and court costs and fees. [Doc. 1 at 5]

**II.    DISCUSSION**

The Court first will address Plaintiff's Application To Proceed *In Forma Pauperis* and then will proceed to screen Plaintiff's Prisoner's Civil Rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

A.    *Plaintiff's Application To Proceed In Forma Pauperis Will Be Granted*

The Court is authorized to excuse prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Based on Plaintiff's affidavit and the financial information he has provided, the Court will grant Plaintiff's Application To Proceed *In Forma Pauperis* and waive an initial partial payment under 28 U.S.C. § 1915(b)(1).

Plaintiff was a prisoner at the time he filed his complaint and, therefore, he is required to pay the full amount of the $350 filing fee. *See* 28 U.S.C. § 1915(b)(1). Plaintiff must "make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full. *See Johnson v. Smith*, 668 F. App'x 837, 838 (10th Cir. 2016) (noting that "28 U.S.C. § 1915(a), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees"). Failure to make the requisite monthly payments, or to show cause why the payments should be excused, may result in the dismissal of this action without further notice. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (holding that "[i]f a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action").

B. *Plaintiff's § 1983 Claims Will Be Dismissed For Failure To State A Claim On Which Relief May Be Granted*

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v.*

3

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*. At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff's complaint appears to allege that Defendants Curry County Jail Facility and Anthony Parrara have violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Instead, to establish a violation of the Eighth Amendment, an inmate must satisfy two requirements: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm"; and (2) that the prison official has a "sufficiently culpable state of mind," *i.e.,* "one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted). To establish deliberate indifference, an inmate must demonstrate that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Constitutional claims challenging the conditions of a prisoner's confinement must be brought in a civil rights action under 42 U.S.C. § 1983. *See Palma-Salazar v. Davis*, 677 F.3d

4

1031, 1035 (10th Cir. 2012). "To a state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under *color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). A private citizen can be held liable under § 1983 only if he "was a willful participant in joint action with the State or its agents." *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005) (internal quotation marks and citation omitted). Plaintiff's complaint fails to allege any facts indicating that Defendant Parrara, a fellow inmate at the Curry County Jail Facility, was a willful participant in joint action with the State or its agents at the time of the assault. Therefore, Plaintiff's § 1983 claims against Defendant Parrara will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff's complaint also fails to state a claim under § 1983 against Defendant Curry County Jail Facility. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). Although municipalities and local governments are "persons" who may be sued under § 1983, *see Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 690 (1978), "[g]enerally, governmental sub-units are not separate suable entities that may be sued under § 1983."[1] *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished). Defendant Curry County Jail Facility, as a governmental sub-unit, "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086 at *4 n.3 (10th Cir. June 21, 2000); *see also White v. Utah*, 5 F.

---

[1] New Mexico state law governs the capacity of a governmental entity to be sued. *See* Fed. R. Civ. P. 17(b). Under New Mexico law, counties are granted the same powers as municipalities and, therefore, may sue and be sued. *See* NMSA 1978, §§ 3-18-1(A); 4-37-1. However, suits against a New Mexico county must be brought against "the board of county commissioners of the county of [the appropriate county]." NMSA 1978, § 4-46-1.

5

App'x 852, 853 (10th Cir. 2001). Therefore, Plaintiff's § 1983 claim against Defendant Curry County Jail Facility will be dismissed without prejudice.

The Court will grant Plaintiff leave to file an amended complaint within thirty (30) days of the date of entry of this Memorandum Opinion and Order. Plaintiff's amended complaint must identify the person or persons responsible for the alleged violation of Plaintiff's Eighth Amendment rights and "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013) (holding that "the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights. . . . Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim") (internal quotation marks and citations omitted). Failure to timely file an amended complaint may result in the dismissal of this action without further notice.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 2] is GRANTED, the initial partial payment is WAIVED, and Plaintiff is ordered to file monthly financial certificates and make monthly payments of twenty (20%) of the preceding months income credited to his account or show cause why the payments should be excused;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims are DISMISSED without prejudice; and Plaintiff is granted thirty (30) days from the date of entry of this Memorandum

Opinion and Order in which to file an amended complaint;

      IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail to Plaintiff, together with a copy of this Memorandum Opinion and Order, a post-filing financial certificate and a form § 1983 complaint, with instructions.

_____
UNITED STATES DISTRICT JUDGE