IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSH DAVILA,

    Plaintiff,

  v.                                                                               No. 17-CV-00746-KG-SCY

CURRY COUNTY JAIL FACILITY,
ANTHONY PARRARA, NEW MEXICO
BOARD OF COUNTY COMMISSIONER
OF CURRY COUNTY,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Plaintiff Josh Davila's Amended Complaint For Violation of Civil Rights (Doc. 11), filed on December 12, 2017. Plaintiff is incarcerated, appears pro se, and is seeking permission to proceed *in forma pauperis*. For the reasons explained below, the Plaintiff's Amended Complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), and 1915A(b)(1), and final judgment will be entered.

On May 10, 2017, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Defendant Curry County Jail Facility failed to protect him against a physical assault committed by another inmate, Defendant Anthony Parrara. (Doc. 1) at 3-4. In a Memorandum Opinion and Order filed on November 8, 2017, the Court dismissed Plaintiff's § 1983 claims against Defendant Curry County Jail, because "Defendant Curry County Jail Facility, as a government sub-unit, 'is not a person or legally created entity capable of being sued'" under §

1983. (Doc. 10) at 5 (quoting *Aston v. Cunningham*, No. 99-4156, 2000 WL 796076, at *4 n.3 (10th Cir. June 21, 2000) (unpublished)). The Court also dismissed Plaintiff's § 1983 claims against Defendant Parrara, because Plaintiff's complaint failed to allege any facts indicating that Defendant Parrara was a state actor under § 1983. (Doc. 10) at 5. The Court granted Plaintiff thirty days in which to file an amended complaint that states a claim on which relief may be granted. The Court notified Plaintiff that his "amended complaint must identify the person or persons responsible for the alleged violation of Plaintiff's Eighth Amendment rights and 'must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and what specific legal right the plaintiff believes the defendant violated.'" (Doc. 10) at 6 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

In response, Plaintiff filed the present amended Complaint For Violation of Civil Rights under 42 U.S.C. § 1983, against Defendants New Mexico Board of County Commissioner of Curry County and Parrara. (Doc. 11). Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when "[o]n or about 4-29-2015 the Curry County jail administration failed to maintain possession of a toilet brush, which resulted in the plaintiff being assaulted by the defendant Anthony Parrara and being care flighted from the jail to the hospital. . . with serious injuries." (Doc. 11) at 7. Plaintiff's amended complaint seeks compensatory and punitive damages. (Doc. 11) at 8.

Plaintiff is proceeding pro se, so his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This liberal rule of construction, however, "does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be

based." *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* This Court has the authority under 28 U.S.C. §§ 1915(e)(2)(B), and 1915A, to dismiss a complaint, at any time, if it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Defendant's amended complaint fails to state a claim on which relief may be granted against Defendant Parrara. As explained in the Court's November 8, 2017, Memorandum Opinion and Order, "[a] private citizen can be held liable under § 1983 only if he 'was a willful participant in joint action with the State or its agents.'" (Doc. 10) at 5 (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1071 (10th Cir. 2005)). Plaintiff's amended complaint fails to allege any facts indicating that Defendant Parrara was a willful participant in joint action with the State or its agents at the time of his assault. As a result, Plaintiff's § 1983 claims against Defendant Parrara will be dismissed without prejudice.

Plaintiff's amended complaint also names the New Mexico Board of County Commissioner of Curry County as a defendant. It is well-established, however, that a county cannot "be held liable *solely* because it employs a tortfeasor—or, in other words, [it] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original). Rather, counties "are subject to liability [under § 1983] only for their official policies or customs." *Starrett v. Wadley*, 876 F.2d 808, 818 (10th Cir. 1989); *see also Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff's amended complaint does not allege that the New Mexico Board of County Commissioner of Curry County had an official policy or custom that

caused the alleged violation of his constitutional rights. Therefore, Plaintiff's § 1983 claims against the New Mexico Board of County Commissioner of Curry County will be dismissed without prejudice.

The foregoing analysis is dispositive of all the claims raised in Plaintiff's amended complaint. Therefore, this civil action will be dismissed without prejudice and judgment will be entered.

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint For Violation of Civil Rights (Doc. 11) is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), and 1915A(1); and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE